IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| THERESA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-6068-SSA-CV-SJ-MJW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Theresa Wilson seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on May 1, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

After careful consideration, this Court finds the decision of the Administrative Law Judge (ALJ) decision was not supported by substantial evidence in the record as a whole, but rather that the evidence overwhelmingly supports a finding of disability. See Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997) (remand is not necessary where the record overwhelmingly supports a finding of disability). Here, the plaintiff was forty years old at the time of the ALJ's decision, has a high school education, and based her application for disability benefits primarily on fibromyalgia and injuries resulting from three motor vehicle accidents. A finding of disability is strongly supported by the medical opinions of plaintiff's treating physician, Dr. Wurm, which are also consistent with the opinion of another examining physician, Dr. Dodson. The only medical opinion evidence refuting the conclusion that the plaintiff has disabling limitations is the opinion of the non-examining state agency consultant who did not have the opportunity to review over half of the medical record.

Ultimately, the ALJ accorded each of the three medical opinions in the record little weight, however, a review of the record shows that the treating source opinion was consistent with the other substantial evidence of record and was supported by medically acceptable

2

evidence.  See Perks v. Astrue, 687 F.3d 1086, 1093-94 (8th Cir. 2012) (a treating physician's opinion regarding a claimant's impairments will be granted substantial weight unless it is unsupported by medically acceptable evidence or it is inconsistent with other substantial evidence in the record).  Based on the error by the ALJ in weighing the medical opinions of the record and the evidence set forth in the record as a whole, this Court finds that plaintiff should be determined disabled within the meaning of the Social Security Act.

Accordingly,

IT IS ORDERED that the decision of the ALJ is reversed and remanded pursuant to Sentence 4 with directions to compute and award benefits to plaintiff.

Dated this 1st day of May, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge